STANLEY D. SALTZMAN (State Bar No. 90058)
**MARLIN & SALTZMAN, LLP**
29800 Agoura Road, Suite 210
Agoura Hills, California  91301
Telephone:   (818) 991-8080
Facsimile:   (818) 991-8081
ssaltzman@marlinsaltzman.com

PETER M. HART (State Bar No. 198691)
PETER CHOI (State Bar No. 249482)
**LAW OFFICES OF PETER M. HART**
12121 Wilshire Blvd., Suite 205
Los Angeles, California  90025
Telephone:   (310) 207-0109
Facsimile:   (509) 561-6441
hartpeter@msn.com

Attorneys for Plaintiff Dennis Watts

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS WATTS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation,<br><br>Defendant. | **CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) VIOLATION OF LABOR CODE § 227.3 (VACATION);**<br><br>**(2) VIOLATION OF LABOR CODE § 226 RELATING TO RECORD KEEPING;**<br><br>**(3) VIOLATION OF LABOR CODE § 203;**<br><br>**(4) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff DENNIS WATTS ("Plaintiff") hereby submits this Class Action Complaint against Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("Defendant" or "IBM") on behalf of himself and the class of other similarly situated current and former California employees of Defendant, as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226, 227.3 and the California Business and Professions Code § 17200, *et seq*., (Unfair Practices Act), and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") and under the Class Action Fairness Act, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715, as the forfeited vacation and personal choice holiday vacation wages (Labor Code § 227.3), continuing wages penalties (Labor Code § 203), record keeping penalties (Labor Code § 226), interest, and attorneys' fees exceed $5,000,000.00 for the over 2,000 estimated former employees of IBM who are part of the class.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of Defendant.

3. Plaintiff is informed and believes and based thereon alleges that Defendant acted intentionally and with deliberate indifference and conscious disregard for the rights of all employees, in creating a vacation policy intended to effect a forfeiture of vacation and personal choice holiday vacation wages, and a corresponding failure to pay all wages upon the termination of employment or waiting time wages, and a failure to provide accurate itemized wage statements.

4. Plaintiff is informed and believes and based thereon alleges that Defendant engaged in, among other things, a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny

employees their vested vacation and personal choice holiday vacation wages, waiting time wages, and accurate itemized wage statements.

5. The policies, practices and customs of Defendant described above and more fully set forth below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 227.3, and the California Business and Professions Code § 17200, *et seq*. under the Class Action Fairness Act, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715, as the forfeited vacation and personal choice holiday vacation wages (Labor Code § 227.3), continuing wages penalties (Labor Code § 203), record keeping penalties (Labor Code § 226), interest, and attorneys' fees exceed $5,000,000.00 for the over 2,000 former employees of Defendant.

7. This Court has jurisdiction over this Class Action pursuant to Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

8. Venue is proper because International Business Machines Corporation does business in and has employees in the State of California and the County of Los Angeles and the acts alleged herein occurred there.

## PARTIES

9. Plaintiff Dennis Watts was employed in California as an employee of Defendant beginning on September 1, 2014, and continuing until on or about January 15, 2016, and worked throughout California, including Los Angeles County. Plaintiff was paid a base salary of $140,000 per year.

10. Plaintiff is informed and believes and based thereon alleges that Defendant International Business Machines Corporation was and is a New York

corporation registered with the California Secretary of State and doing business in the State of California.

11. Plaintiff is informed and believes and based thereon alleges that Defendant International Business Machines Corporation is and was doing business in the State of California throughout the relevant time period as alleged hereafter, and employed Plaintiff and other similarly situated persons in the State of California.

12. Defendant has operations locations and employees throughout the State of California, including in and/or around Los Angeles County, and employs several thousand employees such as Plaintiff at any given time in the State of California.

13. As such, and based upon all the facts and circumstances incident to Defendant's businesses in California, Defendant is subject to California Labor Code §§ 201-204, 226, 227.3, and California Business and Professions Code § 17200, *et seq.*, and the applicable wage order(s) issued by the IWC.

**BACKGROUND FACTUAL ALLEGATIONS**

14. Plaintiff was not cashed out (while employed) or at the end of his employment for all of the unused vacation day or personal choice holiday vacation wages that he legally accrued, or should have legally accrued, under California Labor Code § 227.3. Plaintiff alleges that under the vacation and personal choice holidays benefits that applied to Plaintiff, Plaintiff should have been paid at the end of his employment over $13,000.00, whereas he was only paid out $600.00 gross vacation and/or personal choice holidays wages. Specifically, during the course of his employment and pursuant to Defendant's 2008 "Vacation Plan – California Supplement" (the "California Plan"), IBM offered to Plaintiff and all others similarly situated, vacation days and personal choice holidays—the latter of which could be used for any reason and which are considered vacation days under California law. Plaintiff did not use all of his accrued vacation days and personal choice holidays in 2014, resulting in a reduction in the following calendar year of the number of days he could

accrue that following year, which in turn resulted in the forfeiture of an equal number of such unused and accrued vacation days and personal choice holidays in his next year's vacation benefits. As a result of said forfeiture, the forfeited days were also not paid out to Plaintiff during or upon his termination of employment from IBM nor was the full amount of other accrued vacation and personal choice holiday vacation wages paid out to Plaintiff at the time of the termination of his employment with IBM. Furthermore, the fraction of vacation and personal choice holidays days that he should have accrued in 2016 were also forfeited illegally due to the previous year's unused vacation and personal choice holidays, and the utilization of the "excess vacation days' policy by IBM. Instead, Defendant caused a forfeiture of unused vacation that should have properly accrued to Plaintiff under California Labor Code § 227.3 and caused a forfeiture of unused vacation wages that should have accrued to him under Defendant's vacation plan.

15. As a result of the aforesaid illegal policies, practices and customs of the Defendant, Plaintiff alleges that: (1) Plaintiff and similarly situated employees of Defendant were not paid all legally earned and accrued and unused vacation wages and personal choice holiday wages during or upon the termination of employment, but instead had such wages forfeited in that all vacation days and personal choice days accrued in each full year or fraction of a year's employment resulted in the forfeiture of an equal number of vacation days and personal choice holidays in the next year's or fraction of year's vacation and personal choice holidays benefits; and similarly any unused and accrued vacation days and personal choice holidays would continue to result in a forfeiture of an equal number of unused and accrued vacation day and personal choice holiday in subsequent years or fraction of years' of employment, and that said forfeited days were also not paid out to Plaintiff and other similarly situated employees upon their termination of employment from IBM; (2) Plaintiff and similarly situated employees were not given accurate and itemized wage statements for all of the above reasons; (3) Plaintiff and similarly situated employees were not paid their final

vacation and personal choice holiday wages, including such above-referenced vacation wages in a timely fashion at the end of their employment, and were not paid continuing wages totaling up to 30 days of additional wages under Labor Code § 203.

16.     Plaintiff Watts and similarly situated employees were and are victims of the policies, practices and customs of Defendant complained of in this action in ways that have deprived them of their of the rights guaranteed them by California Labor Code §§ 201-204, 226, 227.3 and California Business and Professions Code §17200, *et seq*., and the applicable wage order(s) issued by the IWC.

## CLASS ACTION ALLEGATIONS

17.     **Class Definition:** The named individual Plaintiff brings this action on behalf of himself and a Class of all former employees of Defendant who worked in California during the period from July 21, 2013, to the present, and who were subjected to the loss or forfeiture of any vacation and/or personal choice holidays as a result of Defendant's use of or imposition of the California Supplement Vacation Policy, and specifically the use of the "excess vacation day" policy and the reduction of the following year's accrual rate.

18.     **Numerosity:** The members of the Class exceed 2,000 persons and are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believes and based thereon alleges that: (a) class members had vacation wages and personal choice holidays carried forward as "excess vacation days" and thus forfeited; (b) that as a result of the alleged forfeiture, class members were not provided accurate itemized wage statements pursuant to California Labor Code § 226; and (c) as a further result of the alleged forfeiture, class members were not paid their full and complete final wages in a timely fashion upon the termination of their employment and are entitled to waiting time penalties pursuant to California Labor Code § 203.

19. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have certified, prosecuted and settled and/or tried wage-and-hour class actions in the past and currently have numerous wage-and-hour class actions pending in California courts.

20. **Common Questions of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendant's policies and practices as described herein, such as: (a) whether Defendant's vacation policies comply with California law; (b) whether Defendant's treatment of vacation equivalent days such as personal choice holidays comply with California law; (c) whether Defendant failed to pay all vested vacation wages year to year; (d) whether Defendant failed to pay all vacation equivalent days such as personal choice holidays year to year; (e) whether Defendant failed to pay all vested vacation wages at the end of employment; (f) whether Defendant failed to pay all vacation equivalent days such as personal choice holidays at the end of employment; (g) whether Defendant failed to maintain and provide accurate payroll records in violation of Labor Code § 226; (h) whether class members were not paid their final wages, including vacation and vacation equivalent days such as personal choice holidays in a timely fashion and not paid all wages earned and owed at the end of their employment and are entitled to waiting time penalties pursuant to California Labor Code § 203 and (i) whether Defendant engaged in unfair business practices.

21. Typicality**:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a member of the class and has suffered the alleged violations of California Labor Code §§ 201-204, 226, 227.3 and the California Business and Professions Code § 17200, *et seq.*, and the applicable wage order(s) issued by the IWC.

22. The California Labor Code and Wage Order provisions upon which

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

23. The nature of this action and the governing laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers and subsequent employment.

24. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to individual class members against the Defendant and which would establish potentially incompatible standards of conduct for Defendant; and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

25. Proof of a common business practice or factual pattern, and the

determination of the primary legal issue as to the legality of Defendant's California Supplement vacation policy, which the named Plaintiff was subjected to and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

26. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendant. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendant. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CLAIM FOR RELIEF

### For Forfeiture of Vacation in Violation of Labor Code § 227.3

### (Against Defendant by Plaintiff and the Class)

27. Plaintiff individually and on behalf of the class re-alleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting vested vacation wages.

29. As a matter of uniform corporate policy, procedure and practice Defendant violated Labor Code § 227.3 by failing to pay all legally earned and accrued and unused vacation wage and personal choice holiday vacation wages during or upon termination of employment. Instead, Defendant created and imposed a policy whereby all unused vacation days and personal choice days which accrued in any year of employment or fraction of a year of employment were used as a means to create a forfeiture of an equal number of each such unused and accrued vacation days and personal choice holidays in the next full year vacation benefits or the next fraction of a year's vacation benefits, and similarly any unused and accrued vacation days and personal choice holidays would continue to result in a forfeiture by an equal number of each unused and accrued vacation day and personal choice holiday in subsequent years or fraction of years' of employment, and said additionally forfeited days were also not

paid out to Plaintiff and other similarly situated employees upon their termination of employment from IBM.

30. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class in a civil action for vacation wages and personal choice holidays of their employees and the damages owed and for costs and attorneys' fees.

31. Plaintiff is informed and believes and based thereon alleges Defendant willfully failed to pay employees all vacation wages for all hours worked. Plaintiff is informed and believes and based thereon alleges that Defendant willfully failed to pay all vacation wages and personal choice holiday wages of Plaintiff and the class which was due and owing to them upon termination from employment, resulting in a continuing obligation for the payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CLAIM FOR RELIEF

### For Violation of Labor Code § 226 Regarding Record Keeping

**(Against Defendant by Plaintiff and the Class)**

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set for herein.

33. Defendant, as a matter of uniform policy, practice and procedure, did not maintain and keep accurate records of their California non-exempt hourly employees in violation of Labor Code § 226.

34. For example, as a matter of policy and practice, among the violations of Labor Code § 226, Defendant failed to record and pay all legally earned accrued and unused vacation wages and personal choice holidays of Plaintiff and the class at the termination of employment and all such vacation wages earned and owed at the end of employment, resulting in a failure to keep accurate records of the hours

worked. Defendant also failed to keep accurate records of the earning, use, and payment of such vacation wages and personal choice holiday vacation wages, and accrual of such wages in pay-periods including year to year at the proper rate of legal accrual for these vacation and vacation equivalent days, and year to year as to the rollover of unused legally earned vacation wages.

35. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class and subclasses identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

36. Defendant's wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendant will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff and the class have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## THIRD CLAIM FOR RELIEF

### Violation of Labor Code §§ 201 – 203

### (Against Defendant by Plaintiff and the Class)

37. Plaintiff individually and on behalf of the class re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set for herein.

38. At all times relevant herein, Defendant was required to pay Plaintiff

and the class members all wages owed in a timely fashion at the termination of employment or within 72 hours thereof, pursuant to California Labor Code §§ 201 to 204.

39. As a matter of pattern and practice, Defendant regularly failed to pay Plaintiff and the class members their full and complete final wages pursuant to Labor Code §§ 201 to 204, specifically due to its failure to pay all vacation wages and personal choice holiday wages of Plaintiff and the class that were forfeited as previously alleged, and accordingly Defendant owes waiting time penalties pursuant to Labor Code § 203.

40. The conduct of Defendant and their agents and employees as described herein was willfully done in violation of Plaintiff and the class members rights.

41. Plaintiff is informed and believes and based thereon alleges Defendant's willful failure to pay all wages, including all vacation wages and personal choice holidays of Plaintiff and the class due and owing them upon separation from employment or within 72 hours thereof results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and the class members are entitled to compensation pursuant to Labor Code § 203.

### FOURTH CLAIM FOR RELIEF
### For Violations of Business and Professions Code § 17200, *et seq.*
### (Against Defendant by Plaintiff and the Class)

42. Plaintiff individually and on behalf of the class re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

43. Defendant has engaged in and continues to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by their policy of imposing a forfeiture of vested vacation wages and personal choice holiday wages upon its employees.

44. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

45. Plaintiff seeks, on his own behalf, and on behalf of other members of the Class, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein.

46. Plaintiff seeks, on his own behalf, and on behalf of other members of the class, and on behalf of the general public, an injunction to prohibit Defendant from continuing to engage in the unfair business practices complained of herein.

47. The restitution includes the equivalent of: all unpaid vested vacation wages and personal choice holiday wages.

48. The acts complained of herein occurred within the last four years preceding the first filing of the complaint in this action.

49. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class and the general public prays for judgment as follows:

1. For an order certifying the proposed class;
2. For an order appointing Plaintiff as the representative of the class;
3. For an order appointing counsel for Plaintiff as Class Counsel;
4. Upon the First Claim for Relief, for payment of all vested vacation wages and personal choice holidays pursuant to Labor Code § 227.3

and for costs and attorneys' fees and Labor Code § 203 waiting time wages;

5. Upon the Second Claim for Relief, for penalties and/or damages and that Defendant be ordered to show cause why they should not be enjoined and ordered to comply with the requirements of Labor Code § 226 for Defendant's employees related to same; and for an order enjoining and restraining Defendant and their agents, servants and employees related thereto;

6. Upon the Second Claim for Relief, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

7. Upon the Third Claim for Relief, for waiting time wages according to proof pursuant to California Labor Code § 203;

8. Upon the Fourth Claim for Relief, for restitution to Plaintiff and other similarly harmed members of the class and subclasses and general public of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200, et seq.;

9. For attorneys' fees, expenses and costs as provided by California Labor Code § 218.5, 226, 227.3, and Code of Civil Procedure § 1021.5; and,

10. For such other and further relief the court may deem just and proper.

DATED: July 26, 2017                    MARLIN & SALTZMAN, LLP
                                        **LAW OFFICES OF PETER M. HART**


                                        By:/s Peter M. Hart_____
                                            Peter M. Hart
                                        Attorneys for Plaintiff, Dennis Watts

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the class and subclasses, hereby demands a jury trial as provided by California law.

Dated: July 26, 2017

MARLIN & SALTZMAN, LLP
**LAW OFFICES OF PETER M. HART**

By:/s Peter M. Hart_____
    Peter M. Hart
Attorneys for Plaintiff, Dennis Watts